UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SYLVESTER TRACKLING (#117085)                    CIVIL ACTION

VERSUS

MAJOR TILLMAN                                     NO. 09-1035-JVP-CN

NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 26 day of January, 2010.

CHRISTINE NOLAND
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SYLVESTER TRACKLING (#117085)                          CIVIL ACTION

VERSUS

MAJOR TILLMAN                                          NO. 09-1035-JVP-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Major Tillman, complaining that the defendant violated his constitutional rights in November, 2009, by subjecting him to threats and verbal abuse on that date.

Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any

portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

The plaintiff's claim fails to rise to the level of a constitutional violation. In his Complaint, he alleges that on November 13, 2009, Major Tillman was making rounds on the cell tier and stopped in front of the plaintiff's cell to ask whether the plaintiff had authored a letter to Investigation Services requesting an investigation of the defendant. When the plaintiff responded, the defendant walked away and said "I am going to fuck over you now." As a result of this threat, the plaintiff believes that his life is in danger, and he prays for the defendant to be terminated from employment with the Louisiana Department of Public Safety and Corrections.

Notwithstanding the plaintiff's allegation of a threat made by defendant Tillman on November 13, 2009, the law is clear that allegations of verbal abuse, threats and harassment alone do not present claims under § 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983); Burnette v. Phelps, 621 F.Supp. 1157 (M.D. La. 1985). See also Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). Further, the plaintiff does not complain that he has suffered any actual injury at the hands of defendant Tillman, and the law is clear in this regard that an inmate may not recover for mental or emotional damages without a showing of a physical injury. 42 U.S.C. § 1997e(e). Accordingly, the plaintiff's allegations against defendant Tillman regarding threats and verbal abuse are insufficient to state a claim of constitutional dimension and must be dismissed.

Further, in the alternative, the plaintiff indicated in his original Complaint that he did not present the facts relative to his claim though the administrative remedy procedure at LSP. Pursuant to 28 U.S.C. § 1997e, however, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1] This provision is mandatory and applies broadly to "all suits about prison life". Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.ed.2d 12 (2002). Further, a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Although administrative exhaustion is an affirmative defense which a prisoner plaintiff is not required to plead or prove in his Complaint, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), where it is apparent from the face of the plaintiff's pleadings that he has failed to exhaust the prison grievance procedures, a dismissal sua sponte is appropriate for failure of the plaintiff to state a claim upon which relief may be granted. See Tanner v. Federal Bureau of Prisons, 475 F.Supp.2d 103 (D.D.C. 2007). See also Carbe v. Lappin, 492 F.3d 325 (5th cir. 2007).

---

[1] 42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

In the instant case, the plaintiff admitted in his Complaint that he failed to exhaust administrative remedies relative to the claim presented herein.  Although he seemingly asserts that there is no prisoner grievance procedure available at the prison, see Complaint at Part IIA and B, this Court is well aware that there is a prison grievance system in effect at LSP.[2]  Accordingly, the plaintiff's conclusory statement that there is no such procedure is insufficient to support his failure to comply with the mandatory requirements of 42 U.S.C. § 1997e.  Accordingly, because the affirmative defense of exhaustion appears clear on the face of the plaintiff's pleadings, the plaintiff's Complaint is subject to dismissal, sua sponte, for failure to exhaust administrative remedies.

RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as frivolous pursuant to 28 U.S.C. § 1915(e).

Baton Rouge, Louisiana, this 26 day of January, 2010.

CHRISTINE NOLAND
MAGISTRATE JUDGE

---

[2] A District Court may take judicial notice of the record in prior related proceedings.  Missionary Baptist Foundation of America, Inc. v. Wilson, 712 F.2d 206 (5th Cir. 1983).  The Court hereby takes judicial notice of the prisoner rule book approved by this Court in Hayes Williams v. John McKeithen, et al., CA 71-98-B (MD La.), affirmed, 547 F.2d 1206 (5th Cir. 1977).  These Rules have been modified from time to time, subject to this Court's approval.